UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RHONDA MORAN, as Personal
Representative of the Estate of Ricardo Oliver,
deceased,
          Plaintiff,

vs.                                                 Case No. 3:06-cv-1102-J-33MCR

NATHANIEL GLOVER, Sheriff of Duval
County, JOHN RUTHERFORD, Sheriff of
Duval County, and RICHARD PATRICK
BUOYE, Individually,

          Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Extension of Time to Perfect Service (Doc. 4) filed April 10, 2007.  Plaintiff filed its complaint on December 18, 2006.  (Doc. 1).  Plaintiff states it hired a process server who attempted serve Defendants, but because the Defendants are employees of the Sheriff's Department, the server was unable to serve them.  (Doc. 4, p. 1).  Plaintiff now believes it is necessary to hire an investigator to locate Defendants.  Id.  Thus, Plaintiff seeks an additional one hundred and twenty (120) day extension of time to perfect service on Defendants.  Id. at 2.

      Rule 4(m) of the Federal Rules of Civil Procedure states in relevant part that:

[i]f service of the summons and complaint is not made upon a defendant
within 120 days after the filing of the complaint, the court . . . shall dismiss
the action without prejudice as to that defendant or direct that service be
effected within a specified time; provided that if the plaintiff shows good

> cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  In this case, Plaintiff has not shown good cause as to why she has not attempted to locate and serve Defendants sooner.  Even without a showing of good cause, this Court may exercise its discretion to grant Plaintiff an extension of time to serve defendants instead of dismissing the complaint.  See Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1131 (11th Cir. 2005); Ritts v. Dealers Alliance Credit Corp., 989 F. Supp. 1475, 1478-79 (N.D.Ga. 1997) (citing Henderson v. United States, 517 U.S. 654, 658 n. 5, 116 S.Ct. 1638, 1641 n. 5 (1996); Panaras v. Liquid Carbonic Industries Corp., 94 F.3d 338, 340 (7th Cir.1996); Madison v. BP Oil Co., 928 F. Supp. 1132, 1136-37 (S.D. Ala.1996)).  As such, the Court will allow Plaintiff an extension of time to serve Defendants; however, service of process must be perfected on all Defendants no later than **Friday, June 15, 2007**.  Plaintiff is cautioned that further requests for extensions will not be viewed favorably.

Accordingly, it is hereby

**ORDERED**:

Plaintiff's Motion for Extension of Time to Perfect Service (Doc. 4) is **GRANTED** in part, **DENIED** in part.  Plaintiff shall have until **Friday, June 15, 2007** in which to perfect service of process upon all Defendants.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  12th  day of April, 2007.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party